BEFORE THE FIRST DIVISION, SEPTEMBER 27, 1961

No. 66102.—W. J. Byrnes & Co. and Daniel Bennett v. United States, protest 60/4475 (Los Angeles).

OLIVER, Chief Judge: The merchandise involved in this protest consists of certain strings of so-called "Majorica" pearl beads, which were classified as unfinished jewelry and assessed with duty at the rate of 55 per centum ad valorem under paragraph 1527(a) of the Tariff Act of 1930, as modified. Plaintiffs claim classification for the present merchandise under the provision in paragraph 1503 of the Tariff Act of 1930, as modified, for iridescent imitation solid pearl beads, carrying a duty assessment at the rate of 45 per centum ad valorem. Plaintiffs' claim is based on the proviso embodied in paragraph 1503 of the Tariff Act of 1930, as originally enacted, which reads as follows:

* * * *Provided*, That the rates on spangles and beads provided in this paragraph shall be applicable whether such spangles and beads are strung or loose, mounted or unmounted: * * *.

It is plaintiffs' contention that the present merchandise, at the time of importation, was nothing more than strings of beads and, therefore, within the class of merchandise contemplated by paragraph 1503, as modified.

A sample of the merchandise in question is in evidence (plaintiffs' illustrative exhibit 1). It consists of a string of grey pearl beads, 9 millimeters in diameter. The string is knotted. It has no clasp, hook, catch, or any other fastening device indicative of a complete article adapted for immediate use. The string is much longer than the standard lengths of either necklaces or bracelets for which the beads are ultimately used. Attached thereto is an identification tag, reading "MAJORICA PEARLS—Made In Spain." The sample, as just described, is representative of all of the strings of beads involved herein, differing only as to the size, shape, and color of the beads. Counsel for the respective parties stipulated that "Exhibit 1 is an imitation pearl bead, solid, and iridescent" and that "their value ranges over ten cents." (R. 20.)

The sole witness was the secretary and general manager of the importer of the present merchandise, Daniel Bennett, who has the exclusive distributorship in the United States for "Majorica pearls," such as the beads in question. The witness stated that her duties include the buying and selling of merchandise, processing of orders, and supervising the stringing of necklaces. The witness further stated that she has been in the line of business handling cultured pearls and simulated pearls for 20 years, and that she has been familiar with Majorica pearls, which are simulated pearls having "a luster that only a cultured pearl would have," (R. 4) for the 2½ years she has been associated with the importer of the merchandise under consideration. The witness' testimony with reference to the character, the manipulation, and the ultimate use of the present merchandise will support the following summation.

At the time of importation, the merchandise in question is not susceptible of use. These iridescent, imitation, solid pearl beads are imported on cotton strings

that are wholly impractical for use in necklaces and bracelets. They are too coarse to take a needle for fitting silver tips and a metal clasp as a fastening device. Then, too, the knots in the strings are so crude as to be unfit for use with simulated pearl beads, like those under discussion.

After importation, these Majorica beads are removed from the imported cotton strings and placed on a pearl board (plaintiffs' exhibit 2). The pearl stringer, in making necklaces or bracelets, selects the beads, according to size, shade, and color, from the pearl board and uses a silk or nylon string, which "has the least amount of give, and it won't break." The silk or nylon string is knotted with a so-called "invisible knot" that is glued on top for effectiveness. Every knot "must be even" and "as small as possible, for the necklace to be saleable." (R. 16.) Illustrative of a completely finished article is the necklace, composed of Majorica white pearl beads in the standard length of 15 inches (plaintiff's illustrative exhibit 3). A bracelet is 7 inches in length, or "practically say half a necklace; and then, for a triple bracelet, we use a necklace-and-a-half to string them." (R. 12–13.)

Plaintiffs' uncontradicted evidence, as hereinabove outlined, is sufficient to establish, *prima facie*, at least, that these strings of iridescent, solid imitation pearl beads, in their condition, as imported, are incapable of any practical commercial use, and that, to become available as merchantable commodities, either necklaces or bracelets, they must be completely disassembled and restrung on serviceable strings, knotted, treated with glue for proper usage, and then fitted with an attractive clasp for fastening.

In defendant's brief, counsel cites *Hecht Pearl Co. (Inc.)* v. *United States*, 18 C.C.P.A. (Customs) 171, T.D. 44375, which arose under the Tariff Act of 1922. In that case, the merchandise consisted of certain imitation pearl beads on strings, for use as necklaces and bracelets. Some were completely finished articles; others were only partly finished. The merchandise had been classified under the provision for jewelry, finished or unfinished, and the importer sought classification as imitation pearl beads. The court found from the record evidence that the merchandise was something more than imitation pearl beads, strung; that at least 50 per centum of it was sold in the exact condition as imported; and that some of it was restrung in the importer's own plant and some was sent out to other plants for restringing. The purpose of restringing, explained by a witness from the importing company, was quoted in the court's decision as follows:

The sole purpose is to add some necessary ornament, a crystal of some kind or an ornament of some kind to make the article complete; sometimes add a clasp or a bar of some kind which will complete the necklace.

The appellate court expressed its findings, in the cited case, as follows:

We are satisfied from the whole record in the case that the merchandise which is restrung or reworked is so treated by the importer, not because it must be in order to put it in condition for sale as an article (except, of course, any item that might be damaged) but as a matter of choice, and an election on the part of the importer to do something additional to an importation, after receiving it, does not affect its classifiable status. This status must be determined upon the basis of its condition as and when imported.

Consequently we agree that the merchandise in issue has been advanced from the state of 'material" and has become, in the case of Exhibit 3, a finished necklace, and in the other cases, unfinished "articles" which constitute "unfinished jewelry."

No comparable condition exists herein with respect to the items under consideration. On the contrary, plaintiffs' undisputed testimony shows that these strings of iridescent, solid, imitation pearl beads, as imported, cannot be used

commercially; that, in their condition as imported, they have not attained the status of articles, either finished or unfinished; and that, after importation, they must be restrung and manipulated by pearl stringers, not by way of "an election on the part of the importer to do something additional to an importation," the *Hecht* case, *supra*, but because the work is necessary to bring them to a salable condition as necklaces or bracelets. On such a factual foundation—and we find it to be established herein—the present merchandise is properly classifiable under the provision in paragraph 1503, as modified, as claimed by plaintiffs, *United States* v. *S. H. Kress & Co.*, 46 C.C.P.A. (Customs) 135, C.A.D. 716.

On the basis of the present record and for all of the reasons hereinabove set forth, we hold the merchandise, represented by the item described on the invoice with entry 35012 as "IMITATION PEARLS—Quality MAJORICA-knotted—100 strings, 38 cm, 11/mm white," and identified by the items on the invoice with entry 29293 under the general description "IMITATION PEARLS—MADE IN SPAIN—Quality MAJORICA—Grey-Knotted," to be dutiable at the rate of 45 per centum ad valorem under the provision in paragraph 1503 of the Tariff Act of 1930, as modified, for "Imitation solid pearl beads: Iridescent, regardless of value," as claimed by plaintiffs.

To the extent indicated, the protest is sustained and judgment will be rendered accordingly.